# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| THOMAS W. McNAMARA,<br><br>      Plaintiff,<br><br>  v.<br><br>LEE SAMUEL ALLEN, *et al.*,<br><br>      Defendants. | CV 17-02858 TJH (FFMx)<br><br><br>Order |

      The Court has considered Defendant Eduardo Sommer's motion to dismiss, together with the moving and opposing papers.

      To withstand a motion to dismiss for lack of personal jurisdiction, McNamara must make a prima facie showing that the Court has personal jurisdiction. *See Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1127 (9th Cir. 2010). Under 28 U.S.C. § 1692, the district court which appoints a receiver has personal jurisdiction over every person who owns suspected receivership property provided that the receiver

timely filed the requisite documents in the district where the person and property is believed to be located. *See SEC v. Ross*, 504 F.3d 1130, 1146 (9th Cir. 2007). Under 28 U.S.C. § 754, the receiver must have filed, in the district court where the person and receivership property is believed to be located, copies of the complaint and order of appointment within ten days after the entry of the order of appointment. The entry of a renewed appointment order starts a new ten-day period. *See SEC v. Am. Capital Invs., Inc.*, 98 F.3d 1133, 1143 (9th Cir. 1996).

McNamara asserts that he filed copies of the reappointment order and the 2016 complaint in the Northen District of Georgia within two days after this Court issued the reappointment order. Further, McNamara asserts that receivership property – cash held by Sommer – is believed to be in Georgia, where Sommer is domiciled. See 28. U.S.C. § 1692. Accordingly, McNamara sufficiently established that the Court has personal jurisdiction over Sommer.

Next, McNamara has the burden of showing that venue is proper in the Central District of California. *See* Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). In a civil case filed by a receiver to recover receivership assets acquired by securities fraud, venue is proper in the district where the fraudulent stock was sold, or offered to be sold, if the defendant participated in the offer or sale; or where the defendant is found or transacts business. *Ross,* 504 F.3d at 1130 n.11. When considering a motion to dismiss for improper venue, the Court cannot accept the pleadings as true. *See Argueta v. Banco Mexicano*, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

Here, McNamara did not discuss whether venue is proper in the Central District of California in his opposition to the motion to dismiss. Rather, his papers focus only on why this case should not be transferred for forum *non conveniens*. Thus,

1  McNamara failed to meet his burden to show that venue is proper here.

3      Accordingly,

5  𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that this case be, and hereby is, 𝕯𝖎𝖘𝖒𝖎𝖘𝖘𝖊𝖉 for improper venue.

Date: December 12, 2017

                                         */s/ Terry J. Hatter, Jr.*
                                         𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
                              𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊